DLD-062                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3170
_____

IN RE: WESLEY-KEITH MULLINGS,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 2:22-cv-01294)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 25, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: February 7, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Wesley-Keith Mullings, proceeding pro se, has filed a petition for a writ of

mandamus concerning a civil case currently pending in the United States District Court

for the District of New Jersey.  For the reasons set forth below, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In March 2022, Mullings filed a complaint regarding the legal custody and adoption proceedings by his ex-wife for his now-adult son. Mullings thereafter filed an Amended Complaint and named as defendants his ex-wife, her former attorney, the State of New Jersey, and several state judges. Mullings' Amended Complaint asserted various state law claims and additionally accused the State and the Judiciary Defendants of violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. The State and Judiciary Defendants moved to dismiss, arguing that sovereign immunity, judicial immunity, and the Rooker-Feldman doctrine required the dismissal of the Amended Complaint. The District Court agreed and dismissed with prejudice the claims against the State and Judiciary Defendants. Mullings appealed, and we dismissed for lack of jurisdiction, concluding that the case was not final because the District Court had not disposed of Mullings' claims against her ex-wife and her attorney. Mullings v. Harriet Raghnal, et al., No. 23-2470 (order entered Jan. 4, 2024). On October 5, 2023, Mullings filed a motion pursuant to Federal Rule of Civil Procedure 54(b). As of the date of this opinion, the District Court has yet to rule on the motion.

On December 18, 2023, Mullings filed the instant mandamus petition. In it, Mullings claims that the District Court's failure to adjudicate all claims against all parties demonstrates an abuse of discretion and abandonment of its judicial obligation and that the District Court has unduly delayed the adjudication of his Rule 54(b) motion.

2

## II.

Mandamus is a drastic remedy available only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A mandamus petitioner must establish that he has "no other adequate means" to obtain the requested relief, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c). Mullings has not made this showing.

## III.

A mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997). Here, Mullings' challenges to the District Court's July 10, 2023 order are not proper for mandamus relief; rather, he has an alternative means to raise these challenges in the form of a proper appeal. See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (noting that, "[g]iven its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal") (citation omitted). The appeal may be commenced after the District Court has entered a final and appealable order.

To the extent Mullings alleges undue delay in the District Court adjudication of his Rule 54(b) motion, we likewise reject this claim. As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature

of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner.  See generally Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).  Nonetheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.  This case, however, does not present such a situation.  A delay of approximately three months "does not yet rise to the level of a denial of due process," and thus does not justify our intervention at this time.  Id.  We are confident that the District Court will rule on Mullings' motion in due course.

Accordingly, we will deny the petition for a writ of mandamus.

4